O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HOWARD ITEN, | ) | Case No. CV 21-00486 DDP (JEMx) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER GRANTING DEFENDANT'S MOTION** |
| | ) | **TO DISMISS** [15][16] |
| COUNTY OF LOS ANGELES, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Presently before the court is Defendant County of Los Angeles ("the County")'s Motion to Dismiss.  Having considered the submissions of the parties and heard oral argument, the court grants the motion and adopts the following Order.

**I.   Background**

Plaintiff Howard Iten is part-owner of a commercially zoned property in the County of Los Angeles.  (Complaint ¶ 8.)  Beginning in March 2020, the County imposed a moratorium on commercial tenant evictions for nonpayment of rent related to the COVID-19 global pandemic ("the Moratorium").[1]  (Id. ¶ 18(I); Declaration of Kathryn

---

[1] The term "tenant" excludes commercial tenants "that are multi-national, publicly-traded, or have more than 100 employees." (Declaration of Kathryn D. Valois, Ex. A at § 3(a).)

D. Valois, Ex. A.)  The Moratorium prohibits the eviction of a commercial tenant for nonpayment of rent or late fees "if the Tenant demonstrates an inability to pay rent and/or such related charges due to Financial Impacts related to COVID-19 . . . and the Tenant has provided notice to the Landlord within seven (7) days after the date that rent /and or such related charges were due, unless extenuating circumstances exist, that the Tenant is unable to pay."  (Moratorium § V(A)(1).)  Commercial tenants with fewer than ten employees may satisfy these notice requirements with a self-certification.  (Moratorium § V(B)(2).)  Such tenants have twelve months from the expiration of the Moratorium, currently scheduled for September 30, 2021, to repay any unpaid rent. (Moratorium § V(C)(2)(a).)  The Moratorium also prohibits harassment of tenants, including any attempt to evict a tenant "based upon facts which the Landlord has no reasonable cause to believe to be true or upon a legal theory which is untenable under the facts known to the Landlord."[2]  (Moratorium § VIII(I).) Failure to comply with the Moratorium may result in civil penalties, including fines of up to $5,000 per day, and is punishable as a misdemeanor.  (Moratorium § X(A),(B).)

    Plaintiff has "had a number of issues" with his commercial tenant over the past several years, including failure to pay rent and unauthorized alterations to the property, resulting in building code violations.  (Compl. ¶ 23.)  In April 2020, the tenant informed Plaintiff that the tenant "is very adversely affected by

---

[2] No Landlord is liable for harassment for pursuing eviction "unless and until the Tenant has obtained a favorable termination of that action."  (Moratorium § VIII(I).)

2

Covid 19 and . . . will not be able to pay the rent." (Id.) Plaintiff's tenant did not pay rent for the next several months. (Id.)

The tenant's lease expired at the end of August 2020. (Compl. ¶ 24.) Notwithstanding the tenant's nonpayment of rent and the other "issues," Plaintiff entered into a new, five-year lease with the tenant, reasoning that so doing would increase the chances that Plaintiff would recover past-due rent. (Id.) The new lease requires the tenant to pay both base rent and $3,200 in past-due rent every month. (Compl. ¶ 26.) Although the new lease went into effect on September 1, 2020, the tenant has not made any rent payments. (Compl. ¶ 28.) Sometime in October 2020, the tenant conveyed to Plaintiff that "times are tough and [the tenant] will not be able to pay the full amount on time." (Id. ¶ 29.) Plaintiff alleges that, but for the Moratorium, he would immediately evict his tenant. (Compl. ¶ 31.) Plaintiff's Complaint brings a single cause of action, alleging that the Moratorium's ban on commercial evictions violates Plaintiff's rights under the Constitution's Contracts Clause.[3] The County now moves to dismiss Plaintiff's Complaint.

**II. Legal Standard**

A complaint will survive a motion to dismiss when it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a

---

[3] " No State shall . . . pass any . . . Law impairing the Obligation of Contracts . . . ." U.S. Const. art. I, § 10, cl. 1.

3

court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."  Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. Id. at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief."  Iqbal, 556 U.S. at 679.  Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level."  Twombly, 550 U.S. at 555-56.  "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 679.

**III. Discussion**

The County contends that Plaintiff's Complaint must be dismissed because, under the facts alleged, the Moratorium did not cause any injury to Plaintiff.  (Motion at 19.)  Although not framed precisely as such, this argument presents a question of

4

standing.[4]  "Standing under Article III of the Constitution has three basic elements: (1) an "injury in fact," which is neither conjectural nor hypothetical; (2) causation, such that a causal connection between the alleged injury and offensive conduct is established; and (3) redressability, or a likelihood that the injury will be redressed by a favorable decision. Nat'l Fed'n of the Blind of California v. Uber Techs., Inc., 103 F. Supp. 3d 1073, 1078 (N.D. Cal. 2015) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)).  If, as the County contends, the Moratorium does not prevent Plaintiff from evicting his tenant, then as a matter of course, the Moratorium cannot have caused Plaintiff any injury.

The Moratorium only prohibits the eviction of a commercial tenant if (1) "the Tenant demonstrates an inability to pay rent . . . due to Financial Impacts related to COVID-19" and (2) "the Tenant has provided notice to the Landlord within seven (7) days after the date that rent [was] due," unless (3) "extenuating circumstances exist."  As alleged in the Complaint, Plaintiff's tenant owed rent under the current lease beginning on September 1, 2020.  The tenant did not, however, provide any notice to Plaintiff of inability to pay until over a month later.  Furthermore, when the tenant finally contacted Plaintiff's property management company in October and gave notice of inability to pay, the tenant stated only that "times

---

[4] For reasons that are not clear to the court, the County relies upon Sateriale v. R.J. Reynolds Tobacco Co., 697 F.3d 777, 793 (9th Cir. 2012).  The cited discussion, however, concerns consumers' failure to allege their own reliance upon an allegedly fraudulent advertising statement for purposes of a claim under California's unfair competition law.  The relevance of that discussion to the matter at hand is not apparent.

5

are tough," with no reference to COVID-19. Thus, the County asserts, the tenant did not give timely or adequate notice of COVID-related inability to pay rent, and therefore does not fall under the Moratorium's eviction protections.

Plaintiff contends that, notwithstanding the tenant's failures to comply with the Moratorium's explicit conditions, this Court can infer that (1) the tenant's inability to pay is related to COVID and (2) "extenuating circumstances" excuse the tenant's lack of timely notice, and thus the Moratorium does apply, preventing Plaintiff from evicting his tenant. With respect to the tenant's inability to pay, construing the facts in the light most favorable to the Plaintiff, the court agrees. Plaintiff alleges that the tenant failed to make any rent payments between April and October 2020. The tenant unequivocally stated in April that his failure to make rent was attributable to COVID-19. Although the tenant made no similar representation with respect to its obligations under the current lease, it is plausible that the COVID-related difficulties that rendered it impossible for the tenant to pay rent in the spring of 2020 similarly impacted the tenant's ability to pay rent in September 2020, particularly in light of the persistence of the COVID-19 pandemic and the tenant's eventual representation that "times are tough."[5]

---

[5] As Plaintiff points out, and as discussed below, the Moratorium is also drafted in a way that requires landlords to err on the side of caution, at peril of significant civil fines and possible criminal liability. Indeed, a broad reading of "related to COVID-19" is consistent with the "well-accepted principle that remedial legislation . . . is to be given a liberal construction consistent with [its] overriding purpose . . . ." United States v. Article of Drug . . . Bacto-Unidisk . . ., 394 U.S. 784, 798 (1969).

6

There appears to be no dispute that the tenant's notice of his inability to pay rent was not timely. Nevertheless, the Moratorium may still apply to preclude Plaintiff from evicting the tenant if the tenant's untimely notice resulted from "extenuating circumstances." The court agrees with Plaintiff that a broad reading of "extenuating circumstances" is consistent with the "well-accepted principle that remedial legislation . . . is to be given a liberal construction consistent with [its] overriding purpose . . . ." United States v. Article of Drug . . . Bacto-Unidisk . . ., 394 U.S. 784, 798 (1969). Plaintiff is also correct in noting that the Moratorium is drafted in a way that requires landlords to err on the side of caution, at peril of significant civil fines and possible criminal liability. But here, Plaintiff does not ask that this Court liberally construe "extenuating circumstances" to encompass a particular factual scenario, or that the court infer from some other fact about the tenant that the tenant was unable to give timely notice. Rather, Plaintiff would have this court assume the existence of some other, unpleaded fact that might qualify as an "extenuating circumstance." This, the court cannot do. "The court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the 'well-pleaded' allegations of the complaint. Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged. Nevertheless, it is inappropriate to assume that the plaintiff can prove facts which it has not alleged . . . ." Keen v. Am. Home Mortg. Servicing, Inc., 664 F. Supp. 2d 1086, 1092 (E.D. Cal. 2009) (internal quotation marks and citations omitted) (citing Associated Gen.

Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983); Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n. 6 (1963). The fact that the tenant failed to pay rent because "times are tough" cannot support an inference that some extenuating circumstance prevented the tenant from providing landlord with the timely notice the Moratorium requires.

Because, under the facts alleged, Plaintiff's tenant does not appear to qualify for the Moratorium's protections, Plaintiff has not adequately alleged that the Moratorium caused him any injury. Accordingly, Plaintiff's complaint must be dismissed for lack of standing.[6]

**IV. Conclusion**

For the reasons stated above, the County's Motion to Dismiss is GRANTED. Plaintiff's Complaint is DISMISSED, with leave to amend. Any amended complaint shall be filed within fourteen days of the date of this Order.


IT IS SO ORDERED.


Dated: SEPTEMBER 15, 2021

DEAN D. PREGERSON
United States District Judge

---

[6] Having concluded that Plaintiff lacks standing, the court need not address the County's argument under Jacobson v. Commonwealth of Massachusetts, 197 U.S. 11 (1905).

8