DAMIEN M. SCHIFF, No. 235101
Email: dschiff@pacificlegal.org
LAWRENCE G. SALZMAN, No. 224727
Email: lsalzman@pacificlegal.org
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, California 95814
Telephone: (916) 419-7111
Facsimile: (916) 419-7747

JEREMY TALCOTT, No. 311490
Email: jtalcott@pacificlegal.org
Pacific Legal Foundation
1212 W. Amerige Ave.
Fullerton, California 92833-2709
Telephone: (916) 419-7111
Facsimile: (916) 419-7747

KATHRYN D. VALOIS*, Fla. Bar No. 1010150
Email: kvalois@pacificlegal.org
Pacific Legal Foundation
4440 PGA Boulevard, Suite 307
Palm Beach Gardens, FL 33410
Telephone: (561) 691-5000
Facsimile: (916) 419-7747
* Pro Hac Vice

Attorneys for Plaintiff Howard Iten

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD ITEN,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES,<br><br>Defendant. | No. 2:21-cv-00486-DDP-JEMx<br><br>**PARTIES' JOINT POST-REMAND STATUS REPORT AND REQUEST FOR STATUS CONFERENCE** |

The Parties in the above-captioned case jointly and respectfully request that the Court schedule a status conference at the Court's earliest convenience to discuss the Ninth Circuit's August 30, 2023, decision in this matter, and its remand of the case to this Court for further proceedings. The Plaintiff has conferred with the Defendant about this request for a status conference, and the Parties agree that a status conference is necessary to determine the scope of issues to be addressed by this Court, in light of the Ninth Circuit's decision. The Parties both believe that guidance from this Court is essential before proceeding further as the Parties have diametrically opposed viewpoints on the proper issues pending before this Court, leaving significant confusion about next steps.

Specifically, the Plaintiff believes the following:

- The Ninth Circuit held that Plaintiff's operative pleading states a valid Contracts Clause claim, which means that the Defendant's pending 12(b)(6) motion should be denied. *See Iten v. Cnty. of Los Angeles*, 81 F.4th 979, 982, 992 (9th Cir. 2023) ("In sum, Iten, at least for purposes of filing a complaint, has alleged that the obligations of his contract had been 'taken away or materially lessened.' *Lynch v. United States*, 292 U.S. 571, 580, 54 S.Ct. 840, 78 L.Ed. 1434 (1934). That is sufficient to state a claim under the Contracts Clause.").

- Alternatively, if the Ninth Circuit's decision is interpreted to only address standing, this Court should adjudicate the Defendant's pending 12(b)(6) motion, given Federal Rule of Civil Procedure 12(g)(2) and its prohibition on repeated 12(b)(6) motions. *See* Fed. R. Civ. P. 12(g)(2) ("Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.").

///

Parties' Joint Post-Remand Status Report
No. 2:21-cv-00486-DDP-JEMx                                                    2

In contrast, the Defendant believes the following:

- Although Defendant briefed Plaintiff's failure to state a claim, this Court and the Ninth Circuit have only adjudicated Rule 12(b)(1) standing issues, leaving open the opportunity for Defendant to have its 12(b)(6) arguments decided by this Court, post-appeal.

- In fact, the Ninth Circuit expressly "le[ft it] to the district court to determine whether the timing of the Moratorium, and its various amendments, substantially impaired Iten's leases with his Tenant." *Iten*, 81 F.4th at 990 n.1. The decision distinguished standing from merits grounds for dismissal:

    > The difference between demonstrating injury in fact for standing and compensable injury to prevail on the merits is reflected in the rules of procedure. At the pleading stage, jurisdictional rules are addressed under Federal Rule of Civil Procedure 12(b)(1), while the failure to state a claim upon which relief may be granted—whether on the merits or because of a procedural rule—is governed by Rule 12(b)(6). . . . The difference between the two rules is not merely academic.

    *Id.* at 985 (citing *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).

- The Ninth Circuit's concurring opinion confirmed that the majority opinion leaves 12(b)(6) issues yet-to-be-decided, stating that "after finding [] he has standing, the majority does not address whether Iten has plausibly alleged a claim." *Iten*, 81 F.4th at 994 (Gordon, J., concurring).

- Consistent with the Ninth Circuit's decision, Defendant requests that it be allowed to re-file its Rule 12(b)(6) motion or, in the alternative, update its briefing on its Rule 12(b)(6) arguments because Plaintiff's First Amended Complaint still fails to state a claim under the Contracts Clause.

Both Parties therefore request a status conference at the Court's earliest convenience to discuss the issues relating to the Ninth Circuit's decision and its impact on future litigation.

Respectfully submitted,

DATED: October 12, 2023.  DAMIEN M. SCHIFF
LAWRENCE G. SALZMAN
JEREMY TALCOTT
KATHRYN D. VALOIS* (*Pro Hac Vice*)

By: s/ Damien M. Schiff
　　　DAMIEN M. SCHIFF

*Attorneys for Plaintiff Howard Iten*

I, Damien M. Schiff, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

GLASER WEIL FINK HOWARD
AVCHEN & SHAPIRO, LLP
Andrew Baum
Jesse B. Levin
LOS ANGELES COUNTY COUNSEL
Shanaira U. Banerjee

DATED: October 12, 2023.  By: s/ Jesse B. Levin
　　　JESSE B. LEVIN

*Attorneys for Defendant
County of Los Angeles*